UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| UNITED STATES, | |
|---|---|
| v. | 07-cr-509 |
| ERIC CORBIN | OPINION |

**WILLIAM J. MARTINI, U.S.D.J.:**

This matter comes before the Court on Defendant Eric Corbin's ("Defendant") motion for a reduced sentence under the First Step Act ("FSA"). ECF No. 160. Defendant requests that the Court impose a sentence of time served and order his immediate release. *Id.* at 1. For the reasons set forth below, the Motion is **GRANTED IN PART** and **DENIED IN PART**. Defendant is resentenced, but he must remain under supervision for six months.

## I. BACKGROUND

On June 18, 2007, Defendant pled guilty to conspiracy to distribute five or more grams of cocaine base, contrary to 21 U.S.C. §§ 841(a)(1) and (b)(1)(B), in violation of 21 U.S.C. § 846 (Count One) and illegal possession of a firearm, in violation of 18 U.S.C. § 922(g) (Count Two). ECF Nos. 79, 92. At the plea hearing, Defendant admitted to distributing approximately thirty-five grams of cocaine base, despite a higher amount stipulated to in his plea agreement. *See* 2007 PSR at 11 n.1. On April 7, 2008, District Judge Dickinson R. Debevoise (since deceased) sentenced Defendant to concurrent terms of ninety months' imprisonment and five years of supervised release. ECF No. 102. On January 18, 2012, Judge Debevoise reduced Defendant's sentence to sixty months under a retroactive statute that lowered offense levels for crack-cocaine offences. ECF No. 124 (relying on 18 U.S.C. § 3582(c)(2)). Shortly thereafter, Defendant was released from prison and began supervised release. *See* 2015 PSR ¶ 67.

Defendant violated the terms of his release several times between 2013 and 2015. *See id.* ¶¶ 47, 61, 63. As most relevant here, Defendant was indicted for illegal possession of a firearm in case number 15-cr-323 (hereinafter, "2015 Case"). He pled guilty to the charge on May 5, 2016, before the undersigned. Cr. 15-323, ECF No. 21. On September 26, 2016, this Court sentenced Defendant to seventy months imprisonment in the 2015 Case. Cr. 15-323, ECF No. 25. The Court further imposed an eight-month sentence for Defendant's violation of the terms of his supervised release in this matter, to be served consecutively. Cr. 07-509, ECF No. 157.

## II. DISCUSSION

Defendant filed a *pro se* motion for a reduced sentence under the FSA. ECF No. 159. Defendant's counsel filed a superseding motion on April 3, 2020. ECF No. 160 ("Motion"). The Government opposed. ECF No. 163 ("Opposition"). The matter is ripe for adjudication and no hearing is necessary. *See United States v. McDonald*, 944 F.3d 769, 772 (8th Cir. 2019).

### A. Criminal Conduct or Statute Violated

The Parties agree that Defendant's eligibility for FSA relief depends on the original criminal matter, not the 2015 Case. Mot. at 3-8; Opp. at 10-17. In arguing he is eligible for a

1

sentence reduction; Defendant refers to the charge in the Indictment, not his plea or actual conduct. Mot. at 4. The Government responds that it is Defendant's conduct—i.e., the "violation" of law pled to—that determines eligibility. Neither party is precisely correct.

Pursuant to the FSA, courts "that imposed a sentence for a *covered offense* may . . . impose a reduced sentence as if . . . the Fair Sentencing Act . . . were in effect at the time the covered offense was committed." *United States v. Hardwick*, 19-cv-3172, 2020 WL 833066, at *1 (3d Cir. Feb. 20, 2020) (quoting FSA § 404(b)) (emphasis added). A "covered offense" is "'a violation of a *Federal criminal statute*, the *statutory penalties* for which were modified by section 2 or 3 of the Fair Sentencing Act.'" *Id.* (quoting FSA § 404(a)) (emphasis added). Thus, eligibility turns on the "Federal criminal statute" the Defendant was sentenced for violating— not the specific conduct proven or pled to. *See id.* "If he was convicted of violating a statute whose penalties were modified by the Fair Sentencing Act, then he meets that aspect of a 'covered offense.'" *United States v. Jackson*, 945 F.3d 315, 318 (5th Cir. 2019); *see also United States v. Beamus*, 943 F.3d 789, 791 (6th Cir. 2019) (per curiam); *United States v. Wirsing*, 943 F.3d 175, 180 (4th Cir. 2019) (agreeing that "any inmate serving a sentence for pre-August 3, 2010 violations of 21 U.S.C. § 841(b)(1)(A)(iii) or (B)(iii) . . . may seek a sentence reduction.").

### B. Corbin is Eligible for FSA Relief

The underlying crime in the conspiracy charge (Count One) was a violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B). *Id.* Because "the statutory penalties" for violations of 21 U.S.C. § 841(a)(1) and (b)(1)(B) "were modified by section 2 or 3 of the Fair Sentencing Act," Defendant is eligible for relief under the FSA. *See* FSA; Opp. at 7 (acknowledging that the Fair Sentencing Act "amended § 841(b)(1) by increasing from 5 grams to 28 grams the quantity of crack required to trigger the penalty range."). But that does not end the inquiry. Even for "covered offences," the sentencing Court "may . . . impose a reduced sentence *as if* sections 2 and 3 of the Fair Sentencing Act of 2010 . . . *were in effect at the time the covered offense was committed*." FSA § 404(b) (emphasis added).

Given the amount of controlled substance involved—thirty-five grams—Defendant still would have faced a mandatory five-year sentence, even if the Fair Sentencing Act had been in effect. *See* Fair Sentencing Act § 2, Pub. L. No. 111-220, 124 Stat. 2372, 2372 (2010) (raising threshold from five to twenty-eight grams). And Judge Debevoise already reduced Defendant's sentence to five years in January 2012. ECF No. 124. But the fact that Defendant received the statutory minimum is a red herring. This Court could have imposed a lesser punishment for the violation of supervised release. *See United States v. Dees*, 467 F.3d 847, 852 (3d Cir. 2006) (finding concurrent or consecutive terms in courts' discretion). And it is that part of Defendant's sentence at issue here, even though the original crime determines eligibility under the FSA. *See Johnson v. United States*, 529 U.S. 694, 701 (2000) (finding post-revocation sanctions part of penalty for initial offence).

### C. A Reduced Sentence Is Appropriate

To determine whether to grant discretionary relief under the FSA, courts look to the factors in 18 U.S.C. § 3553(a). *See United States v. Hopson*, No. CR 03-151, 2019 WL 4508943, at *3 (W.D. Pa. Sept. 19, 2019) (listing cases). Section 3553(a), in turn, requires sentences "sufficient, but not greater than necessary, to comply with the purposes," and factors set forth in the statute. 18 U.S.C. § 3553(a).

2

Defendant reminds the Court that at the time of his last sentencing, he had two jobs, an internship, and completed drug treatment despite decades of addiction. Mot. at 9. His probation officer opined that "he was actually trying to better his life." *Id.* (quoting 2015 PSR ¶ 46). His then-employer hired him to renovate a grocery store and intended for Defendant to manage it. *Id.* Once Defendant returned to custody, he continued to improve himself, serving as a "peacemaker" in jail who "improve[d] the quality of life" for inmates and correctional staff. *Id.* And if released, Defendant will reside with his mother in Maryland, thus avoiding a return to the same environment that contributed to his tumultuous life. *Id.* at 10. In opposition, the Government argues that "Corbin proffers no new information concerning his history and characteristics." Opp. at 18. And especially in light of Defendant's criminal history, the Government argues a reduced sentence is inappropriate. *Id.*

The Government fails to account for an important new fact: Defendant can move to Maryland and—with the support of his mother—productively apply the work ethic the Court knows he possesses. *See* Mot. at 1 n.2, 9. Combined with the factors that originally led this Court to impose a reduced sentence, *see* Opp. at 19, Defendant's planned move increases the Court's confidence that continued incarceration is unwarranted. *See* 18 U.S.C. § 3553(a). Further, Defendant already served a significant sentence for his criminal conduct—both original and in the 2015 Case—significantly reducing the usefulness of an extended custodial term. *See id.* § 3553(a)(2) (courts consider "the need for the sentence [to] reflect the seriousness of the offense, . . . afford adequate deterrence, . . . protect the public," and provide corrective treatments). And while serving that sentence, Defendant has been an asset to fellow inmates *and correctional staff*, which is especially elucidating of Defendant's characteristics. *See id.* § 3553(a)(2) (requiring consideration of "the history and characteristics of the defendant"). Finally, while not determinative, the outbreak of COVID-19 makes Defendant's early release especially appropriate, given the increased risk associated with incarceration.

Accordingly, six months of additional supervised release is "sufficient, but not greater than necessary" under the particular facts of this case. *Id.* The Court will exercise its discretion to impose that reduced sentence. *See* FSA § 404(b).[1]

### III. CONCLUSION

For the reasons set forth above, Defendant's motion for a reduced sentence, ECF No. 160, is **GRANTED IN PART** and **DENIED IN PART**. The Court will impose a reduced sentence, but not "time served," as requested. An appropriate Order and Judgement follows.

April 23, 2020

WILLIAM J. MARTINI, U.S.D.J.

---

[1] The same conditions will apply to Defendant's supervision as before the Court's previous revocation. *See* ECF Nos. 156-57. The Government should coordinate with relevant authorities in the District of Maryland to facilitate Defendant's move.

3